# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EDWIN ALVAREZ, on behalf of himself and others similarly situated, | )<br>)   CASE NO.: 9:20-cv-80696<br>) |
| Plaintiff, | )   CLASS AND COLLECTIVE<br>)   ACTION COMPLAINT |
| v. | )<br>) |
| THE GEO GROUP, INC., | )<br>) |
| Defendant. | )<br>) |

Plaintiff Edwin Alvarez ("Plaintiff"), by and through counsel, hereby files his Class and Collective Action Complaint Against Defendant The GEO Group, Inc. ("Defendant"), and states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to § 216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio wage-and-hour statutes (the "Ohio Class").

1

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because Defendant's principal place of business is in this District.

**PARTIES**

7. Plaintiff is a resident of Ohio who was employed by Defendant as a correctional officer from approximately February of 2011 through approximately October of 2018. Plaintiff's consent to proceed as a party plaintiff is filed herewith as **Exhibit A**.

8. Defendant is a Corporation for Profit organized under the laws of the state of Florida and maintaining its principal place of business in Boca Raton, Florida. Defendant is in the business of operating private prisons and employed Plaintiff at its Columbiana County Jail in Lisbon, Ohio during all times relevant to this Complaint.

9. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

10. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

## **FACTUAL ALLEGATIONS**

11. At all times relevant to this Complaint, Defendant employed Plaintiff and other similar situated correctional officers in a non-exempt hourly capacity.

12. During all times relevant to this Complaint, Plaintiff and other similarly situated correctional officers frequently worked in excess of 40 hours per week.

13. Defendant's correctional officers are responsible for the custody and discipline of detainees held at Defendant's facilities.

14. Among other duties, the correctional officers search for contraband and provide security, count, feed, and supervise detainees.

### **Defendant Requires Correctional Officers to Attend a Mandatory Pre-Shift Briefing and Security Checks Prior to Clocking In.**

15. At the beginning of each shift prior to clocking in, Defendant requires Plaintiff and other similarly situated correctional officers to attend a mandatory 15-20-minute pre-shift briefing, during which officers would be briefed on what occurred during the prior shift, what inmates were on watch, and their assignments.

16. After completing their pre-shift briefing, Defendant requires Plaintiff and other similarly situated correctional officers to undergo a security screening.

17. During the security screening the correctional officers empty their pockets, remove their jackets and all metal, and submit any personal items in their possession for inspection.

18. The correctional officers then walk through a metal detector before reclaiming their possessions.

19. Defendant requires the correctional officers to undergo this screening for the purposes of safety, and to prevent officers from inadvertently or intentionally bringing contraband

into the prison.

20. Keeping weapons and other contraband out of the prison is necessarily tied to the correctional officers' work of providing prison security and searching for contraband.

21. After being cleared through the metal detector, correctional officers head to the vestibule where they wait for all of the correctional officers to clear through the metal detector.

22. Once all correctional officers are cleared, the vestibule door opens and the officers enter the vestibule. This process takes approximately 15 minutes.

23. The correctional officers then begin to individually clock in for work.

24. Once all of the correctional officers are clocked in for work, the vestibule door opens and the correctional officers proceed to their post where they relieve to correction officer on duty.

25. Thus, attendance at the mandatory pre-shift briefing and undergoing security screenings are integral and indispensable to the officers' principal activities that Defendant employs its correctional officers to perform.

26. Defendant requires correctional officers to arrive at least 30 minutes before the scheduled start of their shifts in order to attend the mandatory pre-shift briefing and to perform the remainder of their pre-shift duties in order to relieve the officers from the prior shift of their posts by the scheduled start of the officers' shifts..

27. Defendant's failure to compensate Plaintiff and the similarly situated correctional officers for time spent working prior to their shift start time resulted in additional unpaid overtime in violation of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29. Defendant maintains 65 private prison facilities nationwide. *See*, "Our Secure Services Locations," The Geo Group corporate website, *available at* https://www.geogroup.com/Locations.

30. The unlawful pay policies described in this Complaint are common to Defendant's U.S. facilities.

31. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

32. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All current and former hourly, non-exempt employees who performed unpaid pre-shift work and who worked 40 or more hours in at least one workweek employed by Defendant at any of its locations in the United States of America within the three years preceding this action.

33. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay for pre-shift work resulting in unpaid overtime, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

34. Conditional certification of this case as a collective action pursuant to 29 U.S.C.

§ 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

35. The persons similarly situated to Plaintiff are readily identifiable through the payroll records Defendant have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## **CLASS ACTION ALLEGATIONS**
### **(Ohio Class)**

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All of Defendant's current and former hourly, non-exempt employees who performed unpaid pre-shift work and who worked 40 or more hours in at least one workweek within two years preceding this action.

38. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

39. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant failed to pay Plaintiff and other class members all overtime pay due to them?
>
> Whether Defendant's failure to pay Plaintiff and other class members overtime pay due to them in violation of the FLSA and

>Ohio law was willful?
>
>Whether Defendant kept adequate records of the hours worked by Plaintiff and the other class members?

40. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

41. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

42. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

herein.

45. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b).

46. The FLSA requires that Defendant's non-exempt hourly employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

47. Plaintiff and the Potential Opt-Ins should have been paid overtime compensation at the rate of one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

48. Defendant failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins as a result of its failure to pay any compensation for integral and indispensable pre-shift job duties.

49. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

50. As a result of Defendant's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

51. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

herein.

52. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of himself, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

53. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

54. Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to its non-exempt hourly employees for integral and indispensable pre-shift job duties.

55. Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins, and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

56. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and all similarly-situated persons, collectively pray that this Honorable Court:

    A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins, and the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins, and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award Plaintiff and the Putative Class members pre-judgment and post-judgment interest at the statutory rate; and

F. Award Plaintiff, the Opt-Ins, and the Ohio Class costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff, and all other similarly situated persons, hereby demand a trial by jury on all claims so triable.

Respectfully submitted,

By: */s/ Alejandro F. Garcia*
Alejandro F. Garcia, Esq.
Florida Bar No. 98505
agarcia@rgmlawfirm.com
RAMHOFER GARCIA & MOORE, PLLC
11900 Biscayne Blvd.
Suite 742
North Miami, FL 33181
Telephone: (305) 481-9733
Facsimile: (954) 697-0341
*Attorneys for Plaintiff and all other similarly situated persons*

Hans A. Nilges, Esq.
Ohio Bar No. 076017
hans@ohlaborlaw.com
Shannon M. Draher, Esq.

Ohio Bar No. 0074304
sdraher@ohlaborlaw.com
NILGES DRAHER LLC
7266 Portage street, N.W. Suite D
Massillon, OH 44646
Telephone:	(330) 470-4428
Facsimile:	(330) 754-1430
*Application for Admission Pro Hac Vice Pending*

Matthew J.P. Coffman
Ohio Bar No. 0085586
COFFMAN LEGAL, LLC
mcoffman@mcoffmanlegal.com
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: (614) 949-1181
Fax: (614) 386-9964
*Application for Admission Pro Hac Vice Pending*